Sadie JACKSON

v.

SHAW'S SUPERMARKETS, INC., Business in Rhode Island to be Conducted Only Under Fictitious Name Super Shaw's Company.

No. 97–307–A.

Supreme Court of Rhode Island.

July 1, 1998.

Paul E. Kelly.

Charles N. Redihan, Jr., Cumberland.

## ORDER

The plaintiff appeals from a judgment in favor of the defendant in this personal injury action. This matter came before this Court in a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure for possible disposition without oral argument. After reviewing the memoranda submitted by the parties and other materials in the record, we proceed to decide the case at this time.

The plaintiff was injured on September 17, 1991 in the produce section of Shaw's Supermarket where she slipped and fell on an onion skin. She testified that upon entering the market she saw a sign in the produce area indicating that the floor was wet. Later, after shopping in other parts of the store, and when the sign was gone, she entered into the produce area, picked up a bag of potatoes, put them in her cart, "turned and fell." None of Shaw's employees were in the produce area at the time she fell. Both parties agreed that the plaintiff fell at approximately 4:00 p.m. A sweep log maintained by Shaw's showed that at 3:20 p.m. to 3:30 p.m. the floor was cleaned up and swept.

The trial justice granted the defendant's motion for judgment as a matter of law under Super.R.Civ.P. 50 at the close of the plaintiff's case finding that there was no evidence as to how long the onion skin was there, that Shaw's knew about the onion skin, or that the onion skin was there long enough to conclude that Shaw's knew about the onion skin, or that the onion skin was there long enough to conclude that Shaw's should have known it was there.

The plaintiff argues that she produced sufficient evidence to question the credibility of the sweep log since there was no notation in the log that the floor was washed, yet the sign indicated that the floor was set. She also claims that there was sufficient evidence to conclude that Shaw's failed to use reasonable care to maintain the floor because if someone from the produce area had been there at the time, they would have discovered the onion skin.

This court uses the same standard as the trial justice in reviewing a trial justice's decision on a motion for a judgment as a matter of law. *Graff v. Motta*, 695 A.2d 486, 491 (R.I.1997). This court reviews the evidence in the light most favorable to the party opposing the motion and draws all reasonable favorable inferences therefrom without weighing the evidence or considering the credibility of the witnesses. If the evidence would justify a reasonable jury's finding for the plaintiff, the motion should be denied, but if the trial justice concludes that no reasonable jury could find for plaintiff, then the motion should be granted. *Simmons v. Lincoln Electric Company*, 696 A.2d 273, 274 (R.I.1997).

The mere happening of plaintiff's fall is not in and of itself evidence of negligence on the part of Shaw's. *McVeigh v. McCullough*, 96

R.I. 412, 192 A.2d 437 (1963). In reaching his decision, the trial justice relied on this court's opinion in *Lombardi v. Dryden Corp.*, 114 R.I. 202, 330 A.2d 416 (1975) wherein this court concluded that a directed verdict in favor of the defendant was proper when there was no evidence from which a fact finder could reasonably infer that the hold causing the plaintiff's fall had been there long enough to charge the defendant with notice that it was there.

Based upon the lack of any evidence of negligence on the part of Shaws, we find that the trial justice properly determined that the defendant was entitled to judgment. Therefore, we affirm the judgment of the trial justice, we deny and dismiss the appeal, and remand the papers in the case to the Superior Court.